LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

MARTIN OLIVARES,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class,*

        Plaintiff,

v.

YOGI KRUPA 594 INC
    d/b/a LALU GROCERY DELI,
GOOD NATURE 1045 INC.
    d/b/a GOOD NATURE DELI,
YOGI KRUPA 1061 INC.
    d/b/a DELITERIA DELI & GROCERY,
MANAV CONVENIENCE AND DELI INC.
    d/b/a MANAV CONVENIENCE AND DELI,
FORDHAM CONVIENCE AND GROCERY INC.
    d/b/a FORDHAM CONVENIENCE AND GROCERY,
SHARDA FOOD INC.
    d/b/a MEERA DELI,
YOGI KRUPA 107 INC.
    d/b/a FAMILY GROCERY,
BHARATKUMAR PATEL,
MUKESH KUMAR PATEL,
MAYANK PATEL,
SHETAL PATEL,
and TEJAS PATEL,

        Defendants.

---

Case No:

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

1

Plaintiff, MARTIN OLIVARES, ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants YOGI KRUPA 594 INC d/b/a LALU GROCERY DELI, GOOD NATURE 1045 INC. d/b/a GOOD NATURE DELI, YOGI KRUPA 1061 INC. d/b/a DELITERIA DELI & GROCERY, MANAV CONVENIENCE AND DELI INC. d/b/a MANAV CONVENIENCE AND DELI, FORDHAM CONVIENCE AND GROCERY INC. d/b/a FORDHAM CONVENIENCE AND GROCERY, SHARDA FOOD INC. d/b/a MEERA DELI, YOGI KRUPA 107 INC. d/b/a FAMILY GROCERY, (the "Corporate Defendants"), BHARATKUMAR PATEL, MUKESH KUMAR PATEL, MAYANK PATEL, SHETAL PATEL, and TEJAS PATEL, (the "Individual Defendant," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid spread of hours, (4) liquidated damages, (5) statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

2

## PARTIES

5. Plaintiff, MARTIN OLIVARES, for all relevant time periods, was a resident of New York County, New York.

6. The Defendants operate the following grocery stores with delis:

    a.     Lalu Grocery Deli – 594 Columbus Ave, New York, New York 10024

    b.     Good Nature Deli – 1045 2nd Ave, New York, New York 10022

    c.     Deliteria Deli and Grocery – 1061 2nd Ave, New York, New York 10022

    d.     Manav Convenience and Deli – 162 East 44th Street, New York, New York 10017

    e.     Fordham Convenience and Grocery – 85 West Fordham Road, Bronx, New York 10468

    f.     Meera Deli – 11-57 44th Drive, Long Island City, New York 11101

    g.     Family Grocery – 107-27 Atlantic Ave, Richmond Hill, New York 11418

(collectively "Stores").

7. The Stores operate as a single integrated enterprise. Specifically, the Stores are engaged in related activities, share common ownership and have a common business purpose.

    a.     The Stores are commonly owned and operated by the Individual Defendants and by the Corporate Defendants.

    b.     Supplies and employees are interchangeable amongst the Stores. Specifically, Plaintiff worked at Good Nature Deli but was sent to work at Lalu Grocery Deli and Deliteria Deli & Grocery by Defendants on an as needed basis.

    c.     The Stores share the common business purpose of being stores that sell groceries and operate delis, and employees are compensated under a common scheme.

3

8. Corporate Defendants:

a. YOGI KRUPA 594 INC. d/b/a LALU GROCERY DELI is a domestic business corporation with an address for service of process at 250 Andrews Road, Mineola, New York, 11501. YOGI KRUPA 594 INC. owns and operates Lalu Grocery Deli located at 594 Columbus Ave, New York, New York 10024.

b. GOOD NATURE 1045 INC. d/b/a GOOD NATURE DELI is a domestic business corporation with an address for service of process at 250 Andrews Road, Mineola, New York, 11501. GOOD NATURE 1045 INC. owns and operates Good Nature Deli located at 1045 2nd Ave, New York, New York 10022.

c. YOGI KRUPA 1061 INC. d/b/a DELITERIA DELI & GROCERY is a domestic business corporation with an address for service of process at 250 Andrews Road, Mineola, New York, 11501. YOGI KRUPA 1061 INC. owns and operates Deliteria Deli & Grocery located at 1061 2nd Ave, New York, New York 10022.

d. MANAV CONVENIENCE AND DELI INC. d/b/a MANAV CONVENIENCE AND DELI is a domestic business corporation with an address for service of process at 4344 Kissena Blvd., Apt. 9V, Flushing, New York, 11355. MANAV CONVENIENCE AND DELI INC. owns and operates MANAV CONVENIENCE AND DELI located at 162 East 44th Street, New York, New York 10017.

e. SHARDA FOOD INC. d/b/a MEERA DELI is a domestic business corporation with an address for service of process at c/o Bharatkumar P. Patel, 11-57 44th Dr., Long Island City, New York, 11101. SHARDA FOOD INC. owns and operates MEERA DELI located at 11-57 44th Drive, Long Island City, New York 11101.

f. FORDHAM CONVIENCE AND GROCERY INC. d/b/a FORDHAM CONVENIENCE AND GROCERY is a domestic business corporation with an address for service of

4

process at 38 West Fordham Road, Bronx, New York 10468. FORDHAM CONVIENCE AND GROCERY INC. owns and operates Fordham Convenience and Grocery located at 85 West Fordham Road, Bronx, New York 10468.

g.    YOGI KRUPA 107 INC. d/b/a FAMILY GROCERY is a domestic business corporation with an address for service of process at 107-27 Atlantic Ave, Richmond Hill, New York 11418. YOGI KRUPA 107 INC. owns and operates Family Grocery located at 107-27 Atlantic Ave, Richmond Hill, New York 11418.

9.    Individual Defendants, BHARATKUMAR PATEL, MUKESH KUMAR PATEL, MAYANK PATEL, SHETAL PATEL, TEJAS PATEL, are the owners and principals of the Corporate Defendants. They exercise operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. They exercise the power to (and also delegate to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class at each of the Stores.

10.    At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.    Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to deli persons, food preparers, porters, and cashiers employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA

Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including but not limited to deli persons, food preparers, porters, and cashiers employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime premiums for hours worked in excess of forty (40) in a workweek, (ii) failing to pay the proper minimum wage, (iii) failing to pay spread of hours premium, (iv) failing to provide a proper wage statement with every payment of wages, and (v) failing to properly provide wage notices at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide

class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e. Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

f. Whether Defendants provided proper wage statements under the New York Labor Law;

g. Whether Defendants paid Plaintiff and Class members the federal and state minimum wage for all hours worked;

h. Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law; and

i. Whether Defendants paid Plaintiffs and the Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

## STATEMENT OF FACTS

23.  In or about July 2013, Plaintiff MARTIN OLIVARES was hired by Defendants to work as a deli person for Defendants' store Good Nature Deli located at 1045 Second Avenue, New York, NY 10022. Plaintiff's employment with Defendants was terminated on July 1, 2015.

24.  From in or about July 2013 to February 2015 Plaintiff regularly worked from 6:00 a.m. to 4:00 p.m., 6 days per week, for a total of 60 hours per week. From in or about February 2015 to July 1, 2015, Plaintiff regularly worked from 7:00 p.m. to 7:00 a.m., 6 days per week, for a total of 72 hours per week. FLSA Collective Plaintiffs and Class Members were required to work the same or similar hours.

25.  From July 2013 to February 2015, Plaintiff was paid on a fixed weekly salary of $500 per week in cash. From February 2015 to July 1, 2015, Plaintiff was paid on fixed weekly salary of $700 per week in cash. There was never any agreement that the fixed salary would include the payment of Plaintiff's overtime premium despite consistently working more than 40 hours per work week. Defendants failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class members the required overtime premium for all hours worked over 40 in a workweek.

26.  Defendants also failed to pay Plaintiff the required state minimum wage for all hours worked. Specifically, Plaintiff worked 60 hours per week and was paid a fixed salary of $500, resulting in a regular rate of $8.33, which was below the state minimum wage of $8.75 in 2015.

27.  Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members, even when their workday exceeded ten (10) hours.

28.  Plaintiff was always paid in cash and never received any wage statements as required under the New York Labor Law. Defendants were required to provide Plaintiff with a wage statement that includes hours worked, hourly rate, overtime rate, itemized deductions, and

10

other required information under the New York Labor Law. Defendants failed to provide Plaintiff and the Class with the requisite wage statement.

29. Defendants failed to provide Plaintiff and Class members with proper wage notice. Defendants never provided Plaintiff with a wage notice as required under the NYLL.

30. Defendants failed to keep the proper employment records required under the FLSA and NYLL.

31. Defendants knowingly and willfully failed to pay Plaintiff and Class members the state minimum wage for all hours worked.

32. Defendants knowingly and willfully failed to pay Plaintiff, the FLSA Collective Plaintiffs, and the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

33. Defendants knowingly and willfully failed to pay Plaintiff and members of the Class the New York State "spread of hours" premium.

34. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage notices or wage statements as required by NYLL.

35. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF

### AND FLSA COLLECTIVE PLAINTIFFS

36. Plaintiff realleges and reavers Paragraphs 1 through 35 of this class and collective action Complaint as if fully set forth herein.

11

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

40. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

41. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid

minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

45.  Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

46.  Plaintiff realleges and reavers Paragraphs 1 through 45 of this class and collective action Complaint as if fully set forth herein.

47.  At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

48.  Defendants willfully violated Plaintiff's and the Class members' rights by failing to pay them the proper minimum wage and overtime premium at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

49.  Plaintiff and Class members regularly worked more than ten hours in a workday. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay a "spread of hours" premium for each day they worked ten or more hours.

50.  Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to Class members per requirements of the New York Labor Law.

51.  Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

52.  Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage,

unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and spread of hours premium pursuant to the New York Labor Law;

a.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

b.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

c.  Designation of this action as a class action pursuant to F.R.C.P. 23;

d.  Designation of Plaintiff as Representative of Class; and

e.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 15, 2015                    Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: ___/s/ C.K. Lee_____
      C.K. Lee, Esq.

15